IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 JUL -1 AM 8:55
J.S. ...
N.D. OF ALABAMA

MILDRED DANESE SANDERS,            )
    PLAINTIFF,                     )
VS.                                )   CV-01-H-2840-S
THE BOARD OF TRUSTEES OF THE       )
UNIVERSITY OF ALABAMA, for its     )
division, THE UNIVERSITY OF        )
ALABAMA AT BIRMINGHAM,             )
    DEFENDANT.                     )

ENTERED
JUL - 1 2002

## MEMORANDUM OF DECISION

As stated in the May 1, 2002 order, the court views the document filed April 29, 2002 and entitled "Pleading to Commence with Legal Proceeding: Second Amended Complaint" as stating or endeavoring to state a claim under Title VII of 42 U.S.C. 2000e. Liberally construed, the court views the document, and its attachment, as stating a claim for hostile work environment based on plaintiff's sex and her race and a separate claim for discharging plaintiff from her employment on the basis of her sex or race.

On May 21, 2002 defendant filed a motion for summary judgment. The motion is supported by a variety of documents attached thereto; as well as a brief filed June 7, 2002. On June 14, 2002 plaintiff filed her response to the motion which



response has attached thereto a number of exhibits.  Pursuant to the May 23, 2002 order, the motion is now under submission.

The motion for summary judgment seeks such judgment for a variety of alternative grounds.  Only a few of those grounds need to be discussed, because the court is satisfied and concludes, after resolving all reasonable doubt about the facts in favor of plaintiff, and after resolving all justifiable inferences in favor of plaintiff, that plaintiff has failed to point to evidence or come forward with evidence sufficient to withstand the motion for summary judgment as a matter of law.

Defendant expressly maintains that plaintiff has not made out a *prima facia* case of hostile work environment either on the basis of plaintiff's sex or plaintiff's race. The court agrees. Viewing the totality of the circumstances the undisputed facts and inferences point so strongly and overwhelmingly to the conclusion that a reasonable person in the same or similar position as plaintiff would not have believed that the alleged discriminatory conduct created a hostile or abusive working environment.  *See Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999).  The court concludes based on the undisputed facts that the alleged discriminatory conduct was not so severe and pervasive as to alter the terms and conditions of plaintiff's employment, and reasonable and fair-minded persons in the exercise of impartial judgment would not reach a different conclusion.

As to her claim for unlawful discharge, it is undisputed that plaintiff failed to report to work for an extended period of time after warning, that she was discharged for such failure, and that plaintiff has failed to present any evidence that an employee of a different race or different sex was treated differently under similar circumstances. Further, viewing the discharge as a constructive discharge claim, plaintiff has not pointed to evidence or come forward with evidence to demonstrate that a reasonable person in the same or similar circumstances as plaintiff would have been compelled to quit her job. *See Steele v. Offshore Ship Building, Inc.*, 867 F.2d 1311 (11th Cir. 1989); *Hipp v. Liberty National Life Insurance Company*, 252 F.3d 1208, 1231 (11th Cir. 1999) (holding that only pervasive conduct will justify constructive discharge).

There is no dispute as to any material fact, and defendant is entitled to summary judgment in its favor as a matter of law for the reasons set forth above. The motion raised other valid grounds for judgment in favor of defendant which the court will not further explore. A separate final judgment will be entered.

DONE this 1st day of July, 2002.

SENIOR UNITED STATES DISTRICT JUDGE